WILLIAM A. MILES AND OTHERS, AS EXECUTORS OF JAMES H. SACKETT, DECEASED, RESPONDENTS, v. JAMES W. SACKETT, APPELLANT.

*Evidence — cross-examination of witness — questions tending to show his hostility to the party cross-examining him may be asked.*

This action was brought by certain executors against a co-executor to recover the amount of a promissory note given by the latter to the testator. Upon the trial a witness was called by the plaintiffs whose testimony tended to establish the defendant's liability. Upon her cross-examination she was asked by the defendant's counsel whether it was not after a request by the executors to pay a sum which they alleged she owed the estate that she first gave the inform ation of the facts as to which she had testified.

*Held,* that the referee erred in refusing to allow the question to be put; and that as the court could not say that its exclusion had not injured the defendant the judgment must be reversed.

APPEAL from a judgment in favor of the plaintiffs, entered upon the report of a referee.

*Theodore Connoly,* for the appellant.

*Jacob L. Hanes,* for the respondents.

DANIELS, J.:

The recovery was for the amount unpaid upon a note made by the defendant on the 2d of March, 1874, by which he promised to pay to James H. Sackett, the testator, $5,000 on demand, with interest. The making and delivery of the note was proved, and the defendant gave evidence tending to establish the fact that it was afterwards returned to him by the testator as a gift. This evidence was controverted by further testimony on the part of the plaintiffs, and the view which the referee adopted was adverse to the defense. He thereupon directed a judgment for the amount unpaid upon the note in favor of the executors.

There was certainly no such weight of evidence in favor of the defense as would justify the court in differing from the conclusion arrived at by the referee. But during the progress of the trial a witness was produced on the part of the plaintiffs, whose testimony very directly tended to establish the defendant's liability upon the note, and upon her cross-examination she was asked whether it was not after a request by the executors to pay the sum they alleged she

owed the estate that she first gave the information in relation to the facts to which she testified on the trial.

The defendant himself was one of the executors nominated in and acting under the will, and this question was obviously asked for the purpose of showing that she might have acquired a prejudice or bias against the defendant because of the fact that the executors had insisted upon the payment of a debt by the witness to the estate, and the answer, if it had been allowed to be given, might have exhibited such a state of facts as would warrant the conclusion that the witness had contracted a prejudice against the defendant, and had been influenced to some extent by it in the evidence she gave upon the trial. This question was objected to on the part of the plaintiff as irrelevant and it was not allowed to be answered, and to that ruling the defendant excepted. It was not irrelevant in the case to make this inquiry of the witness. On the contrary, it is always competent for the party against whom a witness may be called to obtain evidence by way of cross-examination to show that such a relation exists between the party and the witness as might lead the witness to testify against him under a bias, which would be unfavorable to the impartiality of the witness in the case.

It is one of the objects of a cross-examination to discover the motives, inclinations and prejudices of the witness for the purpose of reducing the effect which might otherwise be given to the evidence. (1 Greenl. on Ev. [12th ed.], § 446.)

In *Starks* v. *People* (5 Denio, 106) it was said that "it is always competent to show the relations which exist between the witness and the party against, as well as the one for, whom he was called." And this principle was approved in *Newton* v. *Harris* (2 Seld., 345). The same point was considered in *Cameron* v. *Montgomery* (13 Serg. & Rawle, 128). And it was there stated by TILGHMAN, C. J., that "a party against whom a witness is produced has a right to show everything which may in the slightest degree affect his credit."

If this question had been allowed to be answered, it might have been made to appear that hostile feelings had been produced on the part of the witness by the action of the executors, and that under their impulse she gave her testimony against the defendant, who was one of these executors, and that would have had a tendency to weaken the effect of the evidence of the witness, and in that man-

ner to produce a corresponding benefit to the defendant. The exclusion of the answer may have made no difference in the result of the case, but that cannot surely be affirmed as a fact. The defendant was entitled to the benefit of the answer proposed to be elicited from the witness, and the ruling improperly deprived him of this right. Upon this subject, in *Baird* v. *Daly* (68 N. Y., 547), it was stated by ALLEN, J., in the course of his opinion, that it cannot be said "that the exclusion or admission of any of the evidence to which objection was taken upon the trial, however slight or of little weight it may seem, may not have influenced the result, and if error was committed, either in admitting or rejecting evidence against the objection and exception of the defendant, a new trial should be had." (Id., 549.)

The defendant had the right under this rule to insist upon the answer to his question, and because it was excluded, the judgment in the case should be reversed, and a new trial ordered, with costs to abide the event.

DAVIS, P. J., and BRADY, J., concurred.

So ordered.